2-15-0888. The people of the state of Illinois complain that Mr. Smith and Ms. Dobyns, the defendant's cousin, are being long-deaf to defend the defendant, Mr. Enns and Ms. Smith, are being long-deaf to defend the defendant, Ms. Dobyns, Ms. Dobyns, and Ms. Griffin. Good morning, Mr. Smith. Good morning, Counsel. Counsel, I was conferring with my colleague regarding a motion, I believe, that the state had made in this case. Yes. What is the status of that motion? We would not object to the extent that it only addresses the issues that I brought up in the reply brief, but to the extent that it addresses the merits, which they did not address in their response, we would object to that. But there's been no written, sir, reply that has been filed, correct? No. It was filed yesterday? I believe so. I thought I saw it granted. Yesterday? Yeah. Okay. Yesterday it was granted. No, I don't believe that. We checked, actually, in our chambers. We haven't seen it in any way. I got the order yesterday. All right. Yes, and that's when I saw the order. Okay. All right. Well, we'll be sure to review the written brief as well. Thank you for clarifying that. All right. You may proceed. May it please the Court, Counsel, my name is Andrew Smith, a state appellate defender, and I represent Michael Dobyns in this case. Mr. Dobyns did not receive a single day of sentencing credit despite spending over nearly 600 days in various treatment facilities, including 90 days in inpatient units. Your client signed a contract to go into treatment, correct? He signed a plea agreement, yes. Instead of the Department of Corrections. And the court admonished the defendant that, reading from the record, okay, you understand that you successfully complete drug court, that this judgment and sentence would be vacated, and your sentence in the Illinois Department of Corrections would be vacated upon successful completion. You understand that? He said that he did. And the court then said, you understand that conversely, if you did not successfully complete the drug court, that you, that the sentence would just execute and you would serve the sentence. How is that not, how does that create a misunderstanding in the defendant's mind that he was not going to be getting credit for the treatment, that if he violated, he would go and do the whole sentence in the Department of Corrections? It would have been his expectation that he received sentencing credit, just like anybody who gets sentenced and spends time in custody, they're entitled to sentencing credit. He spent time in jail. He would have assumed that I would have, he would have been given time for that credit. There's no reason he wouldn't have. Can you address the language that we sent out in order to have you address the language that credit is for county programming while in custody prior to the imposition of sentence? So in this case, generally, that would not have any effect on here. The express language of the plea agreement was that the entry of the conviction and sentence herein or hereby stayed pending completion of drug court. And that was what he signed, or that was the order stating what he was agreeing to. So actually there was no conviction entered at that time. Yes. The conviction wasn't entered until after the motion to vacate the stay was granted. Correct. And looking at the drug court statute, it allows flexibility because they want the drafters of the plea agreement to have discretion whether they want to completely dismiss the charges, whether they want to have a conviction, even if you complete it. Here it said that the conviction would not enter state until a decision was made on drug court. So that would be prior to judgment. And just generally speaking, a sentence does not or a judgment does not become final until the imposition of the sentence. And that's stated in People v. Harrison, a third district case. Here, a stayed by Black's Law Dictionary is a postponed judgment. So this would be prior to that judgment. There's a judgment order that was entered on July 29th. And that was so we don't see any reason why this would not apply. You would not receive credit for that time prior to that judgment. Turning to our first issue, Mr. Dobbins contends that he is entitled to 90 days mandatory credit for the time spent in an inpatient unit because such a facility is so restrictive. Isn't he really just entitled to a hearing on that issue? The statute says you're entitled to mandatory credit if you are in custody. Isn't that determined at a hearing? No, that's the second section that says if you are receiving drug treatment, there should be a determination that's custodial. Despite that statute, the provision above it. What's the side on the statute? Excuse me. I just wanted to finish this. So the statute above that says you receive credit for time spent in custody. And what has always been a base level of something that you receive credit for mandatorily is if you are essentially incarcerated. And it doesn't matter if there is. Again, that little word, essentially incarcerated. Isn't that to be determined at a hearing? There's inpatient and there's inpatient. Correct. Various different indicia of custody need to be looked at, right? Correct. I would agree that that could be mandated for that purpose. But just generally, inpatient is 24-hour monitoring. Here we know he was in a bed. He was sleeping there. We don't know. The record's not clear exactly on what were the restrictions. But we would be asking that if it does go back and it's determined that he is essentially just in a room, monitored 24 hours a day, can't leave, that's basically incarceration. And just like if you're deemed unfit and you're sent to a private hospital, you get credit for that time. It doesn't matter if you're in a cell block. What matters is that you are under the authority of a third party and you are basically cannot leave. So you have to believe it's restricted. Yes. Restricted, right. With regard to the second issue, the court's analysis was incorrect on many levels. First, the trial judge appeared to believe that it had discretion to deny credit for jail time. She does not have discretion for that. That's mandatory. Then it denied credit as a matter of policy without any discussion of whether it was the confinement was custodial. In the case People v. Gonzalez, it dealt with home detention and home detention was similar to drug treatment in that there had to be some decision whether it was custodial. And in that court, there was a discussion on the restrictions of the confinement. Here, there was no discussion. She said that it's our policy to deny credit and she did not complete the program. That's not – that doesn't have anything to do with the statute. That's not a basis for denying it. Plus, it's a general policy, so that would not be her exercise of discretion. So on that matter, we would be arguing that that would be sent back to have some determination on those 600 days that he spent in those various drug treatment programs to decide what were the restrictions on it and whether he is, in fact, custodial. Custody has been – the definition of custody has been enlarged since People v. Beecham. And the purpose seems to be that the legislatures want to enable defendants to receive custody for all the various alternative programs that you receive instead of incarceration. And so as a – generally, it is varying degrees of state control. It does not count as bond and it's not home monitoring. Here, defendant was not on bond. He was under a supervising authority who acts on behalf of drug court. If he failed to adhere to the rules, he would be reincarcerated. He was sanctioned at one point without a hearing and sent to jail for seven days. And as the drug court judge stated, they could impose conditions on Mr. Dobbins they deemed in his best interest. So there seems to be – he does not have much control over this. Wait a minute. There's a difference between sanctions and treatment. Do you agree with that or disagree? Yes. I agree. That was an either-or. You agree with that? Yes. Okay. Well, I'm just saying that they distinguished what's custody and not custody by looking at, in Beecham, whether there was a hearing or whether the trial or the sheriff would just throw you into incarceration for violating something. Here – The sheriff doesn't do it. The court does it. And the court does it based on a violation of the terms and conditions. Right. But he's not – And he gave up his right to a hearing when he went into the program. Okay. But he's not entitled to a hearing and he can just be thrown in at the discretion of the drug court. So I'm just trying to say that there is – When is that? When did you say he – the judge could do that? He did that – so like everything in this, the record is kind of hard to determine what exactly is going on. But he violated some kind of condition while at, I think it was Oxford House or Serenity House. And there was not a hearing on whether he violated that. It was just assumed that whoever was in charge of him was telling the truth, and he was put into jail for that time. So he did not appear in court before the judge? He did appear in court before the judge. And was there a colloquy between the defendant and the judge with respect to that possible sanction? Between the defendant and the – Judge. There was not – he was asked if he could speak, and he said – and the judge said no. He was at – it's kind of informal, so there was kind of this discussion like, so, you know, what happened here? Are you sorry? And so he said there's that kind of general discussion. It's more therapeutic. But the point here is that he's not entitled to a hearing at this point. And where he – or it at least seems in this case he did not have a hearing. Let's keep it to this case because, quite frankly, based on the Supreme Court's adoption of standards for all drug courts and mental health courts, things have changed somewhat. So I would keep the discussion to this case. Okay. Well, here he could be put into jail just for – based on the word of his drug court supervisor. And drawing similarity to People v. Beecham where the sheriff could put you into jail without a hearing. But despite that, generally custody has been under some kind of state control. That's not bond. That's not home monitoring. And here that was the case. To go back to the original question that I asked, your argument is that there was no judgment when the defendant was sentenced to drug court? He was sentenced to drug court. And if he didn't complete drug court, the sentence to the penitentiary would take effect, correct? There was a judgment order. Right. There was a sentencing order imposing the penitentiary sentence. How is that not a judgment? If it is a judgment, this is still prior to a judgment because it was a judgment later on also. So even if this was a judgment and we forget the fact that he signed something that said this judgment is stayed pending completion of drug court, there would still be another judgment and this would still be prior to that second judgment. You mentioned the drug court statute. What are you referring to? The drug court statute. Is that cited in your brief? Yes. It's 730 ILCS 554.5 or the drug courts, the drug treatment statute. It's 725166. Did you cite that in your brief? Yes. It should be there. Forgive me. I don't recall seeing it. Okay. Well. What is the cite? It's 725166. Okay. And then how was that affected? Your argument that this was not a post-judgment? It's not whether it's post-judgment. It's whether it's prior to judgment. He was sentenced to the Department of Corrections, but if he successfully completed drug court, that sentence would be vacated. In these specific terms, it would be vacated, correct? So not a stay. It says stay pending completion of drug court. And then if we take that this is you cannot get credit for time spent in drug court. The wording of the statute, there's a lot of discussion going around about what is the judgment, what's not the judgment. It seems the statute is geared just as somebody who's sitting in jail pre-judgment. You get credit for that time. And somebody who is getting treatment in the county program before the judgment is entered. You get that time if the trial court, in its discretion, first determines that it's custodial. And you're arguing that there's no discretion, correct? The judge must give it if it's determined to be custodial. No, I'm arguing that the 90 days, because it's essentially incarceration, is mandatory. And I would concede that we don't know all the facts on that and that that could be sent back. But if it's essentially incarceration, that's mandatory. There needs to be determination on what level of confinement there is for the rest of the time. And there needs to be some kind of discussion whether this is custodial. In the argument, in the brief, we argued that it is custodial because given the expansive definition of custody after people v. Beecham. But on your point on the prior judgment, that would be creating a totally different, separate thing for drug court. And it doesn't seem to be that that is clear at all from the language anywhere. That if you're sentenced to probation, in prior probation you are sentenced to complete a drug treatment program. You violate that probation. You get credit for going through that drug treatment program. There have been cases of that. To say that, well, now if it's drug court instead of probation, we're going to be looking really carefully at this prior judgment language and not allow you to get credit for that. I don't think that's exactly clear from the statute. You mentioned the drug court, this provision that you're talking about. Give me the site again. Drug Court Act. There's no 725 ILCS 166. What's the Drug Court Act? 725. Do you want me to? It's not in your brief. Yeah. So that's why I'm asking the question. It would be helpful to argue something that you refer to it in your brief. Okay. What's the site? I believe it's 725 166. 725 ILCS 166? Yeah. So 2017. Oh, that's 2015. That's the year we're dealing with. Okay. All right. You'll have time to reply. Ms. Kripke? Good morning. Good morning. May it please the Court, John Kripke on behalf of the people of the State of Illinois. I would first like to address the order that was sent out, but I would like to make sure that there is time for us to make our waiver argument before I sit down. The one word that never came out of the defendant's mouth or appeared in any of his briefs is successful completion of drug court. If you look at first in 730 ILCS 5-5-4.5-100, Section B, the subsection of the statute that's issued here, there are three parts to that statute. The first part talks about pretrial custody, which we all know is someone's in jail, they go to trial for the time spent in jail, and that's mandatory credit that's given to that person, and that's not a problem. The end of the statute talks about the situation before us. The trial court may give credit to the defendant for the number of days spent for psychiatric or substance abuse treatment prior to judgment if the court finds that the detention or confinement was custodial. But in between those two sections, they refer to 730 ILCS 5-3-6-3, which the defendant ignores. And this is something I brought up in my server play brief. When you look at that statute, 1.5 capital A says, as otherwise provided by law, sentence credit may be awarded for the following, a successful completion of programming while in custody of the department or while in custody prior to sentencing. So if it were determined, so what does it mean prior to sentencing in this case? Actually, it has no effect because there was no successful completion of his drug court, whatever it was, imprisonment term, whatever his program. He never successfully completed it. It doesn't matter how many days he's saying were in custody or weren't in custody. He had to have successfully completed the program. And this court in Tepulgi-Montalvo, another case that I referred to in our server play brief, says that very thing. You only get credit in this discretionary thing if you successfully complete the program. The defendant can't possibly be saying, I got a deal here and now I broke the contractual agreement that was required by drug court and now I want credit for that. He doesn't get credit. There are two parallel tracks that were happening here. He had an offer. He pleaded guilty. He was originally told 15 years sentence. And he was given the 402 admonishments. He could have just gone to jail. If he had gone to jail, there would be no credit against that sentence from the drug court because he would be serving that time already in jail. There is no credit. But if he had successfully completed the drug treatment program, in this case, because of his plea agreement, there still wouldn't be any credit. Why? Because what the court, what we agreed to, what the people agreed to, was if you successfully complete this program, we are going to vacate the sentence and the conviction. And it's gone. You can't give somebody credit when there's nothing, when he's going to walk away from the program. McCaslin is a different, you disagree? It doesn't make sense, actually. But look at McCaslin. Because in McCaslin, it was a different agreement. In McCaslin, the defendant was charged with three drug charges, and two of them were non-repressed. The agreement with the state was if you go into drug treatment and successfully complete the drug treatment program, you will get credit for the in-custody part against your sentence. And he, what he pleaded to was not to just walk away like our defendant did. What he pleaded to was a year of conditional discharge. So he would have gotten credit against that conditional discharge. For time in custody? For the time in, no, for the time he spent in a custodial treatment program. Isn't that custody? Excuse me? Isn't that custody? Isn't that the whole point? Right. But he would have to have successful completion. Against conditional discharge, you mean to say that there would be months taken off the conditional discharge order? That was my understanding of McCaslin. But in McCaslin, did you, the court didn't give him credit. He did not successfully complete his program in McCaslin. He didn't get credit against his jail term. He didn't successfully complete the program. The language of the statute says successful completion. It's not just, and here he didn't complete it. He got kicked out of the program. I don't even understand why this is being, I'm having a hard time understanding why you're even addressing this because he did not even, let alone successfully complete it, he didn't complete it. He violated the agreement. Counsel, what I would say next time it would be helpful, if you want us to have the benefit of reading all of the briefs and you know we're a, quote, court and we do that, please give counsel notice or call him up and see if he has an objection. We had to wait until. I did. Well, that wasn't in your motion. You didn't put it in the motion. It was not in your motion. We had to wait the required time period before ruling on this. And quite frankly, I mean, I'm looking at. I apologize. Excuse me. I apologize. Excuse me. I was speaking. And so even as of yesterday at 4.30, 5 o'clock, looking, I did not find or have a copy of the cert reply. So I would ask you to take responsibility in the future to see that if you want us to consider seriously your arguments, and of course we'll read it afterwards, but it would certainly help us in a moral argument. This is not so straightforward. Obviously we're discussing it and there are a lot of permutations here and it would be helpful to have the cert reply in a timely manner. Thank you. Okay. Just to clarify the record, I apologize. I was working at home before Rosh Hashanah. I called counsel up. I told him I was going to file the cert reply and I did file the motion prior because I knew I was going to be offered. I know. We read that in your motion. Okay. And I apologize. And I also apologize for that. Your apology is accepted. Thank you. However, the defendant did cite. The defendant cited to 5-5-4-5, which includes the reference to 730 ILCS 5-3-6-3. That's how I was led to that sentencing credit issue where it says it has to be a successful completion of the program. Now the defendant never mentions it. That's contained within the original provision that the defendant cited in its brief. That is correct. I know that you should have noticed that in reading the full language of the act. That's correct. But I took the policy that we have always proceeded on, is that if we're saying to the court that you no longer, your only jurisdiction is to dismiss an appeal because of this waiver, we do not argue the substance. That's a policy that I have been instructed to do in the past, and that is why I took the tactic of just saying I don't even think we'd get to the discussion of this issue because there was a waiver in this case. And the defendant has waived his right. To challenge it. To challenge it. And before I get to the waiver card, I just wanted to say on page C-39 of the brief, once the defendant was found to have been in violation, or they came into court to see what was going on, it wasn't just, oh, he was kicked out. Yes, he was kicked out of those programs and he hadn't reported to probation. It's true the record is sort of unclear. It's like why someone didn't notify the drug court. He also committed a felony while he was in probation. Correct. He was in jail for having committed home repair fraud, and there's a judgment order in the record here showing that. His job was installing bathtubs, walking bathtubs, so presumably that's what that was. It involved some way his employment, or do we know? Do we know? All I saw was a, on page C-39, a home repair fraud judgment order. I didn't see anything about bathtubs. How did the defendant agree to waive his right to appeal any sentencing credit he may have earned by participating in this drug court program? Anything that's mandatory, such as the pretrial custody in jail, when his attorney brought it up and challenged both the length of the sentence and the fact that he would not have been given pretrial custody, the court addressed it and corrected it. But again, he's not waiving if he had successfully completed the program. Successfully is successful completion is the key word here. He does not get credit for something he did not successfully complete. We're talking about a waiver. Yes. Doesn't the waiver have to be specific? He didn't waive his right to appeal any sentencing credit. That's a specific issue. And in this particular case, the lawyer brought it up, the people objected and said there was a waiver. The court said, no, if it's a void sentence, if there's something that's mandatory, it has to be heard, and the law is clear on that. The law is clear on it that if the sentence is not correct under the law, the court may address it. You're right. He can't waive something that's mandatory or that's improperly imposed. We agreed to that, and we had no problem agreeing to the sentence credit for the in-custody time he was in the jail. But, again, there is nothing to waive here regarding his eligibility. He's simply not eligible because he did not successfully complete the program. So you're saying only if you complete the program are you even entitled to a hearing to determine whether you get credit against your dismissal of the case? Yes. Okay. Yes. Thank you for putting that more succinctly than I have been able to right now. And that's the answer. He didn't successfully complete. And if he had successfully completed, his conviction and sentence would have been vacated. He would have had that time that he was getting treatment, but there was nothing to apply it against. If he had a further sentence imposed on him, if he wasn't allowed to walk away scot-free, and it was determined in the discretion of the court that there was in-custody treatment and he had successfully completed the program, then the court would have had in its discretion the ability to determine whether or not he got that against any further sentence. The statute says it's discretionary, both in 5-4.5. Does the discretionary mean that it cannot be imposed as a result of implementing a policy? In other words, if I have to exercise my discretion to decide whether or not I'm going to listen to you, and I said, oh, it's my policy, I do not listen to the State, done. Isn't that an abandonment of my obligation to exercise discretion? Yes. Yes, it is. But isn't that what happened here? That the court pretty much said, you know, it's the policy of our program that we don't give anybody credit? In these circumstances. It was very vague the way the court put it, but regardless, it goes back to... We can affirm on any basis supported by the record and the law, correct? I'm sorry, can you... We can affirm based on any basis supported by the record? That's correct. And here the statute precludes the defendant from getting credit. That's your position? That's our position, that the statute precludes him from getting it because there was no successful completion of the program. If he had successfully completed it, then the court would have had to go through all of the proper analysis. Well, here, if he had successfully completed it, his DOC sentence would have been vacated. His DOC sentence would have been vacated, and there would have been nothing to apply any kind of credit to. It's tantamount to someone who has in pre-trial custody, goes to trial, and is acquitted. What are you going to give that person? You can't give them credit for the time they spent in jail. You can't give them the $5 a day against fines because they were acquitted. And that's what would be happening here because of the particular plea agreement which he struck with the state, which was he was going to walk away scot-free without a record on these particular offenses. And we do believe that he did waive his right to argument that he gets credit. Well, there's a waiver in place here. We believe that the court should dismiss the appeal because he waived his right to come up on appeal and challenge his sentence. Even if this court does not want to acknowledge or finds that the waiver does not stick, in any event, he did not successfully complete the program, which the language of successful completion is in both statutes, and that's what he had to do, and he didn't do it. So there is no ability to get credit here. That would be a matter for the General Assembly to address, correct? Well... If it's barred, according to your view of this, if he's barred from getting credit, that's it, end of story. We don't go any further. Well, the word successful... There's no determination of whether or not it's custodial or... That's right. That's right. If you will just... Once you do review, because I did this more hastily than I had thought out, in the server play, there's a couple, there's one or two typos that if you... Times. Oh, your times. All right. Thank you. Thank you. I just want to address counsel's argument that to receive credit, you need to successfully complete the program. That is not in the statute, and credit you get for being in custody. It's not a matter of, it's not a discount. You don't get it for a pat on the back for doing something. It's because we don't want to sentence people to prison longer than they've actually spent time in custody. That's the sole reason behind it. It has nothing to do with successful completion of the program. Justice Burgett, you brought up the statute. I have the statute number here. It's 725-ILCS-166-1. I just want to reiterate that there was no discretion applied here. There should have been a hearing. As Justice Jergensen discussed, she denied, the judge denied credit based on the policy without having any discussion whether it's custodial or not. This was prior to judgment. A judgment order was issued on July 29th, and this time spent in drug treatment was prior to that judgment. For those reasons, we would request that this case be remanded so that there can be a hearing on whether there is or not some title to discretionary credit, and for at least to be given the 90 days to just determine that that time was spent essentially in incarceration. Thank you. Thank you very much, counsel. The court will take the matter under advisement and render a decision in due course. We're in recess until the next case.